1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   FAZAL REHMAN ZAZAI; SKYLAND              No.  2:22-cv-1729 KJM DB PS
     LOGISTICS LLC,
12
                    Plaintiffs,
13                                            ORDER TO SHOW CAUSE

         v.
14
     GRAFF LOGISTICS LLC,
15

16                  Defendant.

17

18          Plaintiff Fazal Rehman Zazai is proceeding in this action pro se.  This matter was referred

19   to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).  On

20   September 30, 2022, plaintiff filed a complaint and paid the applicable filing fee.  (ECF No. 1.)

21   On January 27, 2023, plaintiff filed a motion requesting the appointment of counsel.  (ECF No.

22   5.)

23          Plaintiff is advised that federal district courts lack authority to require counsel to represent

24   indigent plaintiffs in civil cases.  See Mallard v. United States Dist. Court, 490 U.S. 296, 298

25   (1989).  The court may request the voluntary assistance of counsel under the federal in forma

26   pauperis statute, but only under exceptional circumstances.  See 28 U.S.C. § 1915(e)(1); Terrell v.

27   Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36

28   (9th Cir. 1990).  The test for exceptional circumstances requires the court to evaluate the

                                          1

1    plaintiff's likelihood of success on the merits and the plaintiff's ability to articulate his or her

2    claims.  See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986); Weygandt v. Look, 718

3    F.2d 952, 954 (9th Cir. 1983).

4           Here, plaintiff is not proceeding in forma pauperis.  Moreover, at this early stage of the

5    action the undersigned cannot find that the exceptional circumstances test has been satisfied.

6    Additionally, the undersigned notes that the complaint purports to be filed on behalf of plaintiff

7    and Skyland Logistics LLC.  However, the right to represent oneself pro se is personal to the

8    plaintiff and does not extend to other parties. Simon v. Hartford Life, Inc., 546 F.3d 661, 664 (9th

9    Cir. 2008); see also Russell v. United States, 308 F.2d 78, 79 (9th Cir. 1962) ("A litigant

10   appearing in propria persona has no authority to represent anyone other than himself.").  In this

11   regard, Skyland Logistics LLC can only proceed in this action through counsel.  See In re

12   Bigelow, 179 F.3d 1164, 1165 (9th Cir. 1999) ("The law is clear that a corporation can be

13   represented only by a licensed attorney.").

14          Finally, plaintiff has taken no activity to prosecute this action since filing a purported

15   proof of service on December 2, 2022.[1]  (ECF No. 4.)  Plaintiff, therefore, will be ordered to

16   either prosecute this action within 21 days or show cause as to why the case should not be

17   dismissed for lack of prosecution.

18          Accordingly, IT IS HEREBY ORDERED that:

19          1.  Plaintiff's January 27, 2023 motion to appoint counsel (ECF No. 5) is denied without

20   prejudice to renewal;

21   ////

22

23   [1] The purported proof of service reflects that plaintiff "mailed it by USPS to Graff Logistics
     LLC's office[.]" (ECF No. 4 at 1.)  Plaintiff is advised that Rule 4 of the Federal Rules of Civil
24   Procedure allows for service on a corporation by "following state law for serving a summons in
     an action brought in courts of general jurisdiction in the state where the district court is located or
25   where service is made." Fed. R. Civ. P. 4(e)(1).  Pursuant to California law a corporation may be
     served by "[d]elivery by hand of a copy of any process against the corporation (a) to any natural
26   person designated by it as agent or (b), if a corporate agent has been designated, to any person
     named in the latest certificate of the corporate agent filed pursuant to Section 1505 at the office of
27   such corporate agent shall constitute valid service on the corporation." Cal. Corp. § 1701.  In this
28   regard, service by mail to defendant's office may not be sufficient.

1     2.  Within 21 days of the date of this order plaintiff shall take steps to prosecute this action

2 or show cause in writing as to why this case should not be dismissed for lack of prosecution[2]; and

3     3.  Plaintiff is cautioned that the failure to timely comply with this order may result in a

4 recommendation that this case be dismissed.

5 Dated:  April 6, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\zazai1729.R4.osc

---

[2] Alternatively, if plaintiff no longer wishes to pursue this civil action, plaintiff may comply with this order by filing a request for voluntary dismissal pursuant to Rule 41(a) of the Federal Rules of Civil Procedure.

3